IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-113-D

JACOB WEARING,              )
                            )
            Plaintiff,      )
                            )
    v.                      )           **ORDER**
                            )
                            )
JIM MILL and                )
U.S. DEPT. OF EDUCATION,    )
                            )
            Defendants.     )

On April 23, 2009, Jacob Wearing ("plaintiff" or "Wearing") filed this action, naming as defendants Jim Mill and the U.S. Department of Education [D.E. 3]. Wearing proceeds pro se and in forma pauperis [D.E. 1, 2]. On May 5, 2010, the court denied various motions by both plaintiff and defendants, and directed the United States Marshal Service to effect service by June 4, 2010 [D.E. 21]. Thereafter, Wearing moved to extend the time for completion of service, and the court granted the extension to July 30, 2010 [D.E. 28].

On June 30, 2010, Wearing filed two documents, both titled "Amended Complaint,"[1] naming "Mrs. Kirsten McCoy, Superviser [sic]"[2] and the U.S. Department of Education ("DOE") as defendants [D.E. 24]. The court construes the allegations against McCoy to be in her official

---

[1] The clerk docketed one of the amended complaints as the amended complaint [D.E. 24], and the other amended complaint as an exhibit [D.E. 24-1]. Both documents are identical in all respects except that the document filed as the amended complaint appears to be missing a page. The court will therefore rely on the document filed as an exhibit [D.E. 24-1] as the amended complaint, and for ease of reference, will refer to that document as the amended complaint.

[2] In so amending, Wearing voluntarily dismissed Jim Mill as a defendant.

capacity, which is another way of naming the United States. The amended complaint states that "[t]his case is about a student loan," which apparently was made to Wearing in 1971. Am. Compl. ¶ 6; see also Pl.'s Supp. Resp. Opp. Mot. Dismiss, Ex. 4 (9/26/08 letter from DOE to Wearing describing the loan). It appears that DOE attempted to collect on the unpaid loan, and has garnished disability payments made to Wearing to offset the debt. Am. Compl. ¶¶ 1, 3, 7–8; see also Wearing Aff. ¶ 6 (DOE "acted in bad faith when willful intention to offset plaintiff disability check."). Wearing challenges DOE's collection efforts on two grounds. First, he contends that any action to collect on the debt is untimely. Second, he contends that DOE cannot garnish his disability benefits to pay the debt. Am. Compl. ¶¶ 3, 5, 8. Wearing seeks "[a]ctual damages of $150,000" plus interest, court costs, and "[a]ll other relief the court deems appropriate." Id. ¶ 10.

On September 13, 2010, defendants moved to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rues of Civil Procedure [D.E. 32]. On October 7 and 28, 2010, Wearing responded in opposition [D.E. 34–36].

I.

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). As the party asserting that this court has subject-matter jurisdiction, Wearing must prove that subject-matter jurisdiction exists. See, e.g., Steel Co., 523 U.S. at 104; Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). In considering a motion to dismiss for

2

lack of subject-matter jurisdiction, the court may consider evidence outside the pleadings without converting the motion into one for summary judgment. Evans, 166 F.3d at 647.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted," a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, or bare assertions devoid of further factual enhancement. See, e.g., Ashcroft, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Ashcroft, 129 S. Ct. at 1949–50.

A.

Defendants argue that Wearing's amended complaint should be dismissed because it fails "to recite the appropriate allegations that are requisite for the conferring of subject matter jurisdiction" and fails to plead "any waiver of immunity, which is required when the United States is a party Defendant." Defs.' Mem. Supp. Mot. Dismiss at 2–3. Wearing contends that he has asserted a federal question in that as he alleges a violation of federal civil rights laws and his constitutional rights. Pl.'s Resp. Opp. Mot. Dismiss at 1.

The United States is immune from all suits against it absent an express waiver of its immunity. See, e.g., United States v. Sherwood, 312 U.S. 584, 586 (1941). A plaintiff must identify some statutory waiver of the federal government's sovereign immunity in order to maintain

3

suit, see, e.g., Lane v. Pena, 518 U.S. 187, 192 (1996), because the federal government's potential immunity affects a court's exercise of jurisdiction. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Waivers are strictly construed in favor of the sovereign. Lane, 518 U.S. at 192. Moreover, 28 U.S.C. § 1331 is not a general waiver of sovereign immunity. See, e.g., Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996). Thus, plaintiff must show that an unequivocal waiver of sovereign immunity exists. Welch v. United States, 409 F.3d 646, 650–51 (4th Cir. 2005). If plaintiff fails to meet this burden, then the claim must be dismissed. See, e.g., id.; Medina, 259 F.3d at 223.

As noted, Wearing has alleged that this action relates to a student loan, and he has sued DOE. Courts have held that the Higher Education Act ("HEA"), 20 U.S.C. § 1082(a)(2),[3] waives DOE's immunity when a plaintiff seeks declaratory relief. See, e.g., Omegbu v. United States Dept. of Treasury, 118 Fed. Appx. 989, 990, 2004 WL 3049825, at *1 (7th Cir. 2004) (unpublished) (citing Thomas v. Bennett, 856 F.2d 1165, 1168 (8th Cir. 1988)). However, Wearing's claim seeks monetary damages, and section 1082(a)(2) does not contain a waiver for such monetary relief. See, e.g., Rice v. United States Dept. of Educ., No. 08-0127-CV-W-ODS, 2008 WL 2872202, at *2 (W.D. Mo. July 22, 2008) (unpublished) (noting that 20 U.S.C. § 1082(a)(2) "explicitly bars monetary judgments, and the Eighth Circuit has explicitly held this provision bars injunctions

---

[3] Section 1082 provides, in pertinent part:

In the performance of, and with respect to, the functions, powers, and duties, vested in him by this part, the Secretary may - (2) sue and be sued . . . in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy . . . ; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary or property under the Secretary's control . . . .

20 U.S.C. § 1082(a)(2).

against future offsets" (citing Thomas, 856 F.2d at 1168)).

Although Wearing has cited a number of federal statutes which deal generally with federal jurisdiction in the opening paragraph of his amended complaint (titled "jurisdiction"), he has not cited a statute which provides for a waiver of DOE's sovereign immunity, nor to any provision of the HEA. For example, Wearing has cited 28 U.S.C. § 1346(b)(1), which gives district courts jurisdiction over FTCA claims. Some courts have held that because the HEA references the Federal Tort Claims Act ("FTCA"), a plaintiff may pursue a tort claim for monetary damages against the United States[4] based on conduct of the DOE so long as he has exhausted administrative remedies as required by the FTCA. See, e.g., Sanon v. Dep't of Higher Educ., No. 06-CV-4928, 2010 WL 1049264, at *3 (E.D.N.Y. Mar. 18, 2010) (unpublished) (noting that a claimant must follow the dictates of the FTCA, which requires exhaustion of administrative remedies). However, because the DOE is not the proper party under the FTCA and because Wearing has failed to plead and prove that he filed an administrative claim under the FTCA, the FTCA does not serve as a waiver of DOE's immunity. See id.

Wearing also has cited a provision of the Fair Debt Collection Practices Act ("FDCPA"), 28 U.S.C. § 3202(a), which discusses enforcement remedies rather than jurisdiction or any waiver of immunity. However, the FDCPA does not waive DOE's immunity. See, e.g., Wagstaff v. United States Dep't of Educ., 509 F.3d 661, 664 (5th Cir. 2007).

A plaintiff's failure to establish subject matter jurisdiction requires dismissal of the case. See, e.g., Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 342–43 (2006); Muse v. United States

---

[4] The United States is the only proper defendant to a claim under the FTCA. See 28 U.S.C. §§ 1346(b), 2674, 2679; Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002). Thus, Wearing would be required to amend his complaint to name the correct defendant.

5

Dep't of Educ., No. 09cv0201, 2010 WL 892209, at *4 (W.D. Pa. March 9, 2010) (unpublished) ("Plaintiff has failed to address the Department of Education's sovereign immunity or to allege any such waiver. Due to Plaintiff's failure to affirmatively allege facts providing this Court with jurisdiction or to assert a basis for the [DOE]'s waiver of sovereign immunity, under Rule 12(b)(1) it is appropriate for this Court to dismiss Plaintiff's claims against Defendant for lack of subject matter jurisdiction."); Valentino v. United States Dept. of Educ., No. 09cv0006 JM(LSP), 2009 WL 2985686, at *4 (S.D. Cal. Sept. 16, 2009) (unpublished) ("Plaintiff, as the party with the burden to demonstrate federal jurisdiction, fails to identify the applicable provision of § 1082 that authorizes an accounting, breach of contact, or declaratory relief claim. A conclusory allegation of subject matter jurisdiction without any reference to a federal statute authorizing the exercise of such jurisdiction, constitutes a failure to establish jurisdiction."). Accordingly, this court dismisses Wearing's complaint for lack of subject matter jurisdiction.

B.

Alternatively, Wearing has failed to state a claim upon which relief can be granted. To the extent Wearing challenges either the timeliness of DOE's efforts or the DOE's use of his disability benefits to collect on his unpaid student loan, such a claim fails. See Lockhart v. United States, 546 U.S. 142, 144–45 (2005). An agency may collect an outstanding debt by "administrative offset," including social security or disability benefits. See id.; Omegbu v. U.S. Dep't of Treasury, 118 Fed. Appx. 989, 990–91, 2004 WL 3049825, at *1 (7th Cir. Dec. 16, 2004) (unpublished). Moreover, DOE's collection efforts are timely. See, e.g., Lockhart, 546 U.S. at 144–45.

II.

In sum, the court GRANTS defendants' motion to dismiss [D.E. 32]. The Clerk is DIRECTED to close the case.

6

SO ORDERED. This **29** day of November 2010.

                                                      JAMES C. DEVER III
                                                    United States District Judge